**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: _____

WAYNE CULBERTSON,

    Plaintiff,

v.

CAPITAL CONSTRUCTION SERVICES
OF POMPANO BEACH, INC., a Florida
corporation, and BRETT JOHNSON

    Defendants.
_____/

## COMPLAINT

Plaintiff, WAYNE CULBERTSON, by and through his undersigned counsel, files this Complaint against Defendants, CAPITAL CONSTRUCTION SERVICES OF POMPANO BEACH, INC. ("CCS") and BRETT JOHNSON ("Johnson"), and states as follows:

## INTRODUCTION

1. This is an action to recover unpaid overtime wages and the minimum wage under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.,* (hereinafter "FLSA"), overtime wages under Plaintiff's contract with CCS, and for retaliatory termination under the FLSA.

## JURISDICTION AND PARTIES

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §1331, and 28 U.S.C. § 1367.

3. Defendants are subject to the jurisdiction of this Court because they operate a business in the Southern District of Florida.

## VENUE

4. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida; and

   b. CCS is and continues to be a corporation doing business within this judicial district.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. CCS is in the construction business.

6. Plaintiff, Wayne Culbertson, is an adult individual who was employed by Defendants for approximately 14 months.

7. Johnson is the owner and President of CCS.

8. Defendants CCS and Johnson hired Plaintiff in late June or early July 2019 an outside sales capacity but within about one month assigned him to supervise a construction project for its client Concurrent Real-Time ("the Concurrent Project"). At that point, Plaintiff ceased performing outside sales work.

9. Defendants fired Plaintiff in January 2021.

10. Plaintiff has retained the undersigned counsel to represent him in this litigation and has agreed to pay him a reasonable fee for his services.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)
## AGAINST CCS

11. Plaintiff repeats and realleges paragraphs 1 through 10 as if fully set forth herein.

12. At all material times, CCS was engaged in commerce or in the production of goods for commerce as defined in the FLSA, 29 U.S.C. §§203(r) and 203(s).

13. During the relevant time period, CCS had an annual gross volume of sales made or business done of not less than $500,000.

14. Although Plaintiff supervised the Concurrent Project, he did not customarily and regularly direct the work of at least two or more other full-time employees or their equivalent.

15. Additionally, Plaintiff had no authority to hire or fire employees or to make recommendations on hiring, firing or disciplinary actions that were given weight by Defendants.

16. Accordingly, Plaintiff was not exempt from overtime and was entitled to be paid at the rate of time and one-half for all his hours worked in excess of forty (40) per week in accordance with the FLSA.

17. During Plaintiff's employment with Defendants, Plaintiff worked hours in excess of forty (40) per week but was never compensated at the statutory rate of time and one-half.

18. Additionally, Defendants failed to properly apprise Plaintiff of his rights under the FLSA.

19. Due to the unlawful and willful acts of Defendants, Plaintiff has suffered damages in the form of unpaid overtime wages.

20. As a result of Defendants' disregard of the FLSA, Plaintiff is entitled to liquidated damages.

21. Plaintiff is also entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against CCS:

    a. Declaring that Defendants violated the overtime provisions of 29 U.S.C. § 207;

  b. Awarding Plaintiff overtime compensation in the amount calculated;

  c. Awarding Plaintiff liquidated damages in the amount calculated;

  d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

  e. Awarding Plaintiff post-judgment interest; and

  f. Ordering any other and further relief this Court deems to be just and proper.

**COUNT II**
**VIOLATION OF 29 U.S.C. § 206 (MINIMUM WAGE)**
**AGAINST CCS**

22. Plaintiff repeats and realleges paragraphs 1 through 21 as if fully set forth herein.

23. From December 23, 2020 to January 15, 2020, Defendants knowingly failed to pay Plaintiff the federal minimum wage for each hour worked.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against CCS:

  a. Declaring that CCS violated minimum wage provisions of 29 U.S.C. § 206;

  b. Awarding Plaintiff minimum wage in the amount calculated;

  c. Awarding Plaintiff liquidated damages in the amount calculated;

  d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

  e. Awarding Plaintiff post-judgment interest; and

  f. Ordering any other and further relief this Court deems to be just and proper.

**COUNT III**
**VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)**
**AGAINST JOHNSON**

24. Plaintiff repeats and realleges paragraphs 1 through 10 as if fully set forth herein.

25. At all relevant times, Johnson maintained operational control over CCS and exercised control over CCS's day-to-day operations.

26. Among other things, Johnson had the power to hire and fire employees, supervised and controlled employees' daily activities, determined the rate and method of payment of employees' wages, and had responsibility for maintaining employment records.

27. Accordingly, Johnson (as well as CCS) was Plaintiff's employer under the FLSA.

28. Although Plaintiff supervised the Concurrent Project, he had no authority to hire or fire employees or to make recommendations on hiring, firing or disciplinary decisions that were given weight by Johnson.

29. Additionally, Plaintiff had no authority to hire or fire employees or to make recommendations on hiring, firing or disciplinary actions that were given weight by Defendants.

30. Accordingly, Plaintiff was not exempt from overtime and was entitled to be paid at the rate of time and one-half for all his hours worked in excess of forty (40) per week in accordance with the FLSA.

31. During Plaintiff's employment with Johnson, Plaintiff worked hours in excess of forty (40) per week but was never compensated at the statutory rate of time and one-half.

32. Additionally, Johnson failed to properly apprise Plaintiff of his rights under the FLSA.

33. Due to the unlawful and willful acts of Johnson, Plaintiff has suffered damages in the form of unpaid overtime wages.

34. As a result of Johnson's disregard of the FLSA, Plaintiff is entitled to liquidated damages.

35. Plaintiff is also entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Johnson:

    a. Declaring that Johnson violated the overtime provisions of 29 U.S.C. § 207;

    b. Awarding Plaintiff overtime compensation in the amount calculated;

    c. Awarding Plaintiff liquidated damages in the amount calculated;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e. Awarding Plaintiff post-judgment interest; and

    f. Ordering any other and further relief this Court deems to be just and proper.

## COUNT IV
## VIOLATION OF 29 U.S.C. § 206 (MINIMUM WAGE)
## AGAINST JOHNSON

36. Plaintiff repeats and realleges paragraphs 1 through 10 and 25-27 as if fully set forth herein.

37. From December 23, 2020 to January 15, 2020, Johnson knowingly failed to pay Plaintiff the federal minimum wage for each hour worked.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against CCS:

    a. Declaring that Johnson violated minimum wage provisions of 29 U.S.C. § 206;

    b. Awarding Plaintiff minimum wage in the amount calculated;

    c. Awarding Plaintiff liquidated damages in the amount calculated;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

## COUNT V
## VIOLATION OF 29 U.S.C. § 215 (RETALIATION)
## AGAINST CCS

38. Plaintiff repeats and realleges paragraphs 1 through 17 as if fully set forth herein.

39. Plaintiff repeatedly complained to Johnson, CCS's owner and President, about not receiving the overtime pay to which he was legally entitled.

40. As a direct result of Plaintiff's complaints, CCS terminated Plaintiff's employment on January 15, 2021.

41. Due to the unlawful and willful acts of CCS, Plaintiff has suffered damages in the form of lost wages, benefits, and other remuneration, as well as emotional distress.

42. Plaintiff is also entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 215.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Johnson:

a. Declaring that CCS violated the anti-retaliation provisions of 29 U.S.C. § 215;

b. Awarding Plaintiff lost wages, benefits, and other remuneration;

c. Awarding Plaintiff other compensatory damages allowable at law;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

  f. Ordering any other and further relief this Court deems to be just and proper.

## COUNT VI
## VIOLATION OF 29 U.S.C. § 215 (RETALIATION)
## AGAINST JOHNSON

43. Plaintiff repeats and realleges paragraphs 1 through 10 and 25-27 as if fully set forth herein.

44. Plaintiff repeatedly complained to Johnson about not receiving the overtime pay to which he was legally entitled.

45. As a direct result of Plaintiff's complaints, Johnson terminated Plaintiff's employment on or about January 15, 2021.

46. Due to the unlawful and willful acts of Johnson, Plaintiff has suffered damages in the form of lost wages, benefits, and other remuneration, as well as emotional distress.

47. Plaintiff is also entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 215.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Johnson:

  a. Declaring that Johnson violated the anti-retaliation provisions of 29 U.S.C. § 215;

  b. Awarding Plaintiff lost wages, benefits, and other remuneration;

  c. Awarding Plaintiff other compensatory damages allowable at law;

  d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

  e. Awarding Plaintiff post-judgment interest; and

  f. Ordering any other and further relief this Court deems to be just and proper.

## COUNT VII
## BREACH OF CONTRACT AGAINST CCS

48. Plaintiff repeats and realleges paragraphs 1 through 10 as if fully set forth herein.

49. On or about July 22, 2019, Johnson, CCS's owner and President, orally offered to pay Plaintiff an overtime premium at 1.5 times his regular rate if he continued to work long hours on the Concurrent Project.

50. Plaintiff orally accepted the offer and continued to work long hours, including many hours in excess of 40 most workweeks, on the Concurrent Project.

51. The parties' agreement that Plaintiff would receive an overtime premium was an enforceable contract.

52. CCS breached the parties' contract by failing and refusing to pay Plaintiff any overtime premium despite his repeated demands.

53. Plaintiff has suffered damages due to CCS's breach of contract.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Johnson:

    a. Declaring that CCS in breach of contract;

    b. Awarding Plaintiff lost wages, benefits, and other remuneration;

    c. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to section 448.08, Florida Statutes;

    d. Awarding Plaintiff post-judgment interest; and

    e. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: February 25, 2021

Respectfully submitted,

*/s/ Richard D. Tuschman*
Richard D. Tuschman, Esq.
Florida Bar No. 907480
E-mail: rtuschman@gtemploymentlawyers.com
E-mail: assistant@gtemploymentlawyers.com
**RICHARD D. TUSCHMAN, P.A.**
12555 Orange Drive, 2nd Floor
Davie, Florida 33330
Telephone: (954) 369-1050
Facsimile: (954) 380-8938

*Attorney for Plaintiff*