IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  21-CV-60441-WPD

WAYNE CULBERTSON,

    Plaintiff,

v.

CAPITAL CONSTRUCTION SERVICES
OF POMPANO BEACH, INC., a Florida
corporation, and BRETT JOHNSON,

    Defendants.
_____/

**PLAINTIFF'S AND DEFENDANTS' JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND TO DISMISS ACTION WITH PREJUDICE**

Plaintiff, WAYNE CULBERTSON ("Plaintiff"), and Defendants, CAPITAL CONSTRUCTION SERVICES OF POMPANO BEACH, INC. and BRETT JOHNSON (collectively, "Defendants"), by and through their respective undersigned attorneys, file this Joint Motion to Approve Settlement Agreement and to Dismiss Action with Prejudice.  Through this motion, the parties respectfully request the Court's approval of their settlement and issuance of an Order dismissing this action with prejudice.  In support, Plaintiff and Defendants state as follows:

**PRELIMINARY STATEMENT**

Plaintiff alleges in his Amended Complaint that Defendants failed to pay him overtime wages and the minimum wage in violation of the Fair Labor Standards Act ("FLSA"), terminated his employment in violation of 29 U.S.C. § 215 and failed to pay him his overtime premium in violation of the parties' oral contract. [ECF No. 1]. Defendants deny Plaintiff's claims and assert, among other defenses, that Plaintiff was exempt under the FLSA's executive employee exemption.

CASE NO.: 21-CV-60441-WPD

To avoid the costs and uncertainty of litigation, the parties have negotiated a settlement in this matter. Pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised only with the approval of the district court or the Secretary of Labor. Accordingly, the parties hereby seek the Court's approval of the settlement they reached in this matter. A copy of the Settlement Agreement is attached hereto as **Exhibit 1**.

**MEMORANDUM OF LAW**

**THE SETTLEMENT NEGOTIATED BY THE PARTIES IS A FAIR AND REASONABLE RESOLUTION OF THE CLAIMS ASSERTED IN THIS MATTER; AND THUS, SHOULD BE APPROVED BY THE COURT.**

**I.      Legal Principles**

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or approved by the District Court. See Lynn's Food Stores, Inc., 679 F.2d at 1353-1355. To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. Id.

If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging [the] settlement of litigation." Id at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of Plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. See Leverso v. South Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527, 1531 (11th Cir.

CASE NO.: 21-CV-60441-WPD

1994); Hamilton v. Frito-Lay, Inc., 605-CV-592-ORL-22JGG, 2007 WL 328792 (M.D. Fla. 2007).

**II.     All of the Relevant Criteria Support Final Approval of the Settlement.**

Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. See Helms v. Central Fla. Reg. Hosp., No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at 11-12 (M.D. Fla. 2006). Here, each party was independently represented by legal counsel with experience in litigating claims under the FLSA. Each counsel was obligated to, and did, vigorously represent their clients' rights. Based on the amount to be paid to Plaintiff, it is clear that there was no fraud or collusion.

The remaining factors weigh in favor of approving this settlement. If the Parties continued to litigate this matter, they would be forced to engage in protracted and expensive litigation, with an outcome that remained highly uncertain for both parties. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

The Parties have conducted extensive discovery in this case, including exchanging initial disclosures as required under Fed. R. Civ. P. 26, exchanging written discovery (interrogatories and requests for production were propounded and answered by Plaintiff and Defendants), and both Plaintiff and Defendant Brett Johnson have been deposed. The Parties further exchanged numerous documents, information and theories on their claims and defenses during settlement negotiations. In agreeing upon the proposed settlement, the Parties reached a stage where they had sufficient information and had conducted an adequate investigation to allow them to make an educated and informed analysis of the claims, and ultimately led to the execution of a confidential settlement agreement between Plaintiff and Defendants, attached as **Exhibit 1**.

The probability of success on the merits and the range of possible recovery also militate in favor of this settlement. The Parties meaningfully disagreed over the number of hours claimed

3

and whether Plaintiff was an exempt employee, a key issue that has been disputed from the inception of the case. The Parties exchanged conflicting evidence and numerous legal arguments on the issue. Plaintiff and Defendants continue to disagree over the merits of the claim asserted by Plaintiff, and both offered facts and evidence to support their respective positions. As such, Plaintiff's probability of success on the merits is uncertain, and the range of possible recovery is zero to full recovery, further suggesting that this settlement is fair and appropriate.

### III.   Approval of the Proposed Attorneys' Fees

In the present case, the amount allocated to Plaintiff's attorney's fees and costs is $7,500.00. Plaintiff's counsel has incurred over 20 hours of billable time at a rate of $375 per hour and incurred approximately $500 in litigation costs. The Parties further agree that the amount of attorney's fees being paid to Plaintiff's counsel under the terms of the settlement agreement is fair and reasonable in light of the efforts advanced on Plaintiff's behalf. Accordingly, the amount allocated to Plaintiff's attorney's fees and costs is reasonable.

### III.   Conclusion

Based on the foregoing, the Parties respectfully request that the Court enter an Order approving the terms of the settlement, dismissing this action with prejudice, and retaining jurisdiction to enforce the Parties' settlement if necessary. A proposed Order is attached hereto as **Exhibit 2**.

[SIGNATURE PAGE FOLLOWS]

CASE NO.:  21-CV-60441-WPD

Respectfully submitted on January 6, 2022,

| | |
|---|---|
| */s/Harley Storrings*__ | */s/Richard D. Tuschman*__ |
| Harley Storrings, Esq. | Richard D. Tuschman, Esq. |
| E-Mail: harley@storringslaw.com | E-Mail: rtuschman@gtemploymentlawyers.com |
| **STORRINGS LAW** | **RICHARD D. TUSCHMAN, P.A.** |
| 9600 W. Sample Rd. Suite 206 | 12555 Orange Drive, 2nd Floor |
| Coral Springs, FL 33065 | Davie, FL 33330 |
| Telephone: (954) 302-7148 | Telephone: (954) 369-1050 |
| Facsimile: (954) 358-4064 | Facsimile: (954) 380 8938 |
| | |
| *Counsel for Defendants* | *Counsel for Plaintiff* |