# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  21-CV-60441-WPD

WAYNE CULBERTSON,

      Plaintiff,

v.

CAPITAL CONSTRUCTION SERVICES
OF POMPANO BEACH, INC., a Florida
corporation, and BRETT JOHNSON,

      Defendants.

_____/

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Confidential Settlement Agreement and Release of Claims (hereinafter referred to as the "Agreement") is entered into between Plaintiff, WAYNE CULBERTSON ("Plaintiff"), and Defendants, CAPITAL CONSTRUCTION SERVICES OF POMPANO BEACH, INC. and BRETT JOHNSON (collectively, "Defendants").  Plaintiff and Defendants are each a "Party" to this Agreement and are collectively referred herein as the "Parties."

WHEREAS, PLAINTIFF has filed a lawsuit in the Southern District of Florida, Case No. 21-CV-60441-WPD ("the Lawsuit") alleging that DEFENDANTS failed to pay him overtime wages and the minimum wage in violation of the Fair Labor Standards Act ("FLSA"), terminated his employment in violation of 29 U.S.C. § 215, and failed to pay him his overtime premium in violation of the parties' oral contract;

WHEREAS, DEFENDANTS deny any liability to PLAINTIFF and;

WHEREAS, the Parties prefer to avoid the uncertainties and expense of further litigation;

NOW, THEREFORE, in consideration of the mutual promises contained herein, it is agreed between the Parties as follows:

1. **DISMISSAL OF CASE**

Promptly after execution of this Agreement, the Parties agree to file a Joint Motion to Approve Settlement and Dismiss Case with Prejudice. The Parties acknowledge and agree that this Agreement will not be valid unless and until the Court approves the Parties' settlement and/or dismisses the case with prejudice. **That date shall be the Effective Date of this Agreement.** If the Court declines to approve the Parties' settlement or dismiss the case with prejudice, this Agreement shall be null and void.

2. **CONSIDERATION**

In exchange for the mutual promises exchanged herein, DEFENDANTS agree to pay an all-inclusive total of **$27,500.00** (the "Settlement Payment") as the full and final settlement of any and all claims of any kind PLAINTIFF had or may now have against DEFENDANTS and the Released Parties as defined in Paragraph 4 herein. The Settlement Payment will be received at the office of counsel for PLAINTIFF within twenty (20) days of the Effective Date. The Settlement Payment shall be made in the form of three (3) checks:

a.      One check in the amount of **$10,000.00**, subject to payroll tax withholding, made payable to PLAINTIFF, for which a Form W-2 shall be issued to PLAINTIFF;

b.      One check in the amount of **$10,000.00**, not subject to payroll tax withholding, made payable to PLAINTIFF, for which a Form 1099 shall be issued to PLAINTIFF;

c.      One check for attorney's fees and costs in the amount of **$7,500.00**, made payable to Richard D. Tuschman, P.A. (for which plaintiff's counsel shall provide a W-9).

PLAINTIFF further understands and agrees that the Settlement Payment is all that he is entitled to receive from DEFENDANTS, as settlement of any and all of his claims of any kind against DEFENDANTS and the Released Parties, including but not limited to the claims in the Lawsuit. PLAINTIFF acknowledges that the Settlement Payment represents a disputed amount and that this settlement is a compromise which validates the effectiveness of this Agreement and the release of all claims included in this Agreement, which has been reviewed and approved by his attorney.

3.    **ADEQUATE CONSIDERATION**

PLAINTIFF agrees that the Settlement Payment constitutes adequate and ample consideration for the rights and claims he is waiving under this Agreement, and for the obligations imposed upon him by virtue of this Agreement.

4.    **MUTUAL RELEASE AND WAIVER OF ALL CLAIMS**

In exchange for the Settlement Payment described in paragraph 2 above, PLAINTIFF releases DEFENDANTS, along with any parent company, subsidiaries, affiliates and any and all related entities, and all of their respective current and former members, partners, managers, officers, contractors, associates, employees, shareholders, successors in interest, consultants, representatives, attorneys, and agents, both in their representative and individual capacities ("collectively all being the Released Parties") from any and all claims or demands of any kind they have had or may now have against the Released Parties, including, but not limited to, any claims based on any and all aspects of his employment with DEFENDANTS (including any claims for overtime pay, liquidated damages, and other pay of any kind) or separation from employment with DEFENDANTS. This release of claims includes, but is not limited to, a release of any rights or claims PLAINTIFF may have under the Fair Labor Standards Act; Florida's Minimum Wage Act; Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990; 42 U.S.C. Section 1981; the Age Discrimination in Employment Act; any claim under the worker's compensation law of Florida and the retaliation provision of that statute; Florida whistleblower laws; and/or any other federal, state, local, or foreign laws, ordinances, or regulations, including but not limited to those prohibiting employment discrimination, such as the Florida Civil Rights Act. PLAINTIFF also agrees that this Agreement includes a release of all claims based on the state and federal constitutions, and all claims based on theories of contract or tort (e.g., negligent or intentional infliction of emotional distress, defamation, assault, battery, false imprisonment, invasion of privacy, wrongful termination, etc.), whether based on common law or otherwise.  The foregoing list is meant to be illustrative rather than exhaustive. PLAINTIFF agrees that he received any and all leave of any kind (including but not limited to all leave under the Family and Medical Leave Act) that he was or may have been entitled to receive. PLAINTIFF acknowledges, agrees,

and understands that this release is a full and final bar to any and all claims of any type that he had or may now have against the Released Parties through the date he signs this Agreement.

Additionally, PLAINTIFF agrees that the Settlement Payment fully and completely compensates PLAINTIFF for signing this Agreement, and that PLAINTIFF is entitled to no other monies from the Released Parties, for back wages, overtime pay, liquidated damages, commissions, bonuses, or other monies allegedly due to him from DEFENDANTS in connection with his employment with DEFENDANTS. PLAINTIFF states that he is receiving in this settlement all monies allegedly owed to him from his work for DEFENDANTS and that he has no further claims or demands against the Released Parties and will file nothing against any of the Released Parties in the future. Further, PLAINTIFF agrees that these statements constitute admissions and can be used against him in the event he brings any action or proceeding in the future against any of the Released Parties. PLAINTIFF agrees and states that if any municipal, state or federal agency attempts to compensate him at any time in the future for work he has done or payments received in the past from DEFENDANTS, he will advise said agency in writing that he has already been compensated in full by DEFENDANTS in a confidential settlement for all wages allegedly due to him, and decline the payments and ask that DEFENDANTS not have to pay those monies. Notwithstanding the foregoing, PLAINTIFF acknowledges that he is not waiving rights or claims that may arise after the date he signs this Agreement, including without limitation any rights or claims that PLAINTIFF may have to secure enforcement of the terms and conditions of this Agreement.

DEFENDANTS and any parent company, subsidiaries, affiliates and any and all related entities likewise release PLAINTIFF from any and all claims or demands of any kind they may have had or may now have against PLAINTIFF, including, but not limited to, any claims based on any and all aspects of his employment with DEFENDANTS.

5. **NO LAWSUITS OR CLAIMS**

The Parties waive the rights and claims set forth above, and also agree not to institute, or have instituted by anyone, a lawsuit against each other or against the Released Parties based on any such claims or rights. PLAINTIFF further acknowledges and agrees that with respect to the rights and claims he is waiving, he waives not only his right to recover money or any other relief in any action he might commence, but also his right to recover in any action brought on his behalf

by any municipal, state or federal agency, including but not limited to the U.S. Department of Labor.

### 6.   NO FUTURE EMPLOYMENT

PLAINTIFF agrees that he will not apply for employment or seek reinstatement as an employee with DEFENDANTS or any affiliates or related entities of DEFENDANTS in the future, nor will he work as a contractor with DEFENDANTS in the future. DEFENDANTS, or any affiliates or related entities of DEFENDANTS will have no obligation whatsoever to employ or reinstate PLAINTIFF in the future.

### 7.   CONFIDENTIALITY

As a material condition to this Agreement, PLAINTIFF agrees that he will not disclose or discuss the terms of the settlement of this action, the existence of a settlement, the circumstances surrounding the settlement of this action, the terms of this Agreement, or the circumstances related to this Agreement, with any other person, except his attorney, accountant, tax advisor, or spouse, unless compelled by law. Moreover, in the event that PLAINTIFF discusses this Agreement with his attorney, accountant, tax advisor, or spouse, it shall be his duty, responsibility, and obligation to direct them not to discuss the terms of this Agreement with any other person. PLAINTIFF shall be fully and completely responsible for any breach by them of this confidentiality provision. PLAINTIFF also specifically agrees not to have contact with other current or former employees of DEFENDANTS for the purpose of suggesting to them in any way (or assisting them in any manner) to file or pursue a claim of any kind against any of the Released Parties.

### 8.   NON-DISPARAGEMENT AND NEUTRAL REFERENCES

The Parties agree not to disparage each other or their agents and representatives to any person or entity. PLAINTIFF further agrees that if he receives a request to verify his employment with DEFENDANTS, he may direct any such requests to BRETT JOHNSON, who shall disclose only PLAINTIFF's dates of employment, rate of pay, and position held, without reference to any claim, lawsuit or the resolution thereof. PLAINTIFF acknowledges and agrees that should PLAINTIFF use any other employee of DEFENDANTS as a reference, that person is acting solely in a personal capacity, and not on behalf of DEFENDANTS, and DEFENDANTS shall have no

liability to PLAINTIFF for any information provided by the person so used, regardless of truth or falsity.

9.   **NON-ADMISSION OF LIABILITY**

PLAINTIFF acknowledges that DEFENDANTS are entering into this Agreement solely to avoid the cost of litigation. In making this Agreement, DEFENDANTS do not admit that they have done anything wrong as to PLAINTIFF. On the contrary, DEFENDANTS deny liability of any kind to PLAINTIFF.

10.   **SEVERABILITY**

The Parties agree that if any provision of this Agreement or any part of any provision of this Agreement is found to be invalid by a court of competent jurisdiction, such finding shall not affect the validity of any other provision or part of this Agreement, except that if the release provisions in Paragraph 4 above are found to be invalid, this Agreement shall be null and void and all monies PLAINTIFF received under this Agreement will be immediately refunded to DEFENDANTS.

11.   **ENTIRE AGREEMENT**

The Parties agree that this Agreement constitutes their entire and final understanding and agreement with respect to the subject matter of this Agreement and supersedes all prior or contemporaneous negotiations, promises, covenants, agreements, or representations concerning all matters directly, indirectly, or collaterally related to the subject matter of this Agreement.

12.   **DISPUTES**

This Agreement shall be governed by and construed in accordance with the laws of the State of Florida (without regard to its conflicts of laws principles). Any dispute between the parties related to this Agreement shall exclusively be brought in an appropriate state or federal court located in Broward County, Florida, and the parties hereby waive any objection to venue, personal jurisdiction and forum non-conveniens in any such courts. Should any party retain counsel for the purpose of enforcing this Agreement, the prevailing party shall be entitled to collect from the non-prevailing

party all reasonable attorney's fees and expenses incurred at all levels, including fees incurred litigating fees and/or appeals.

### 13.   **AMENDMENTS**

The Parties agree that this Agreement cannot be amended or modified except by a writing executed by the Parties hereto or their respective attorneys, administrators, trustees, personal representatives, and/or successors.

### 14.   **ACKNOWLEDGMENT**

PLAINTIFF certifies that he has fully read, negotiated, and completely understands the provisions of this Agreement, that PLAINTIFF has been advised to and has in fact consulted with his attorney before signing the Agreement, and that PLAINTIFF is signing freely and voluntarily, and without duress, coercion, or undue influence.

IN WITNESS WHEREOF, THE PARTIES HAVE EXECUTED THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS.

| **WAYNE CULBERTSON** | **CAPITAL CONSTRUCTION SERVICES OF POMPANO BEACH, INC.** |
|---|---|
| Wayne Culbertson (Jan 4, 2022 23:09 EST) | |
| Date: 1-4-2022 | By: _____ |
| | Its: _PRESIDENT_ |
| | Date: 1/6/21 |
| | **BRETT JOHNSON** |
| | Date: 1/6/21 |

# Culbertson v. CCS Settlement Agreement (final)

Final Audit Report                                                                 2022-01-05

| | |
|---|---|
| Created: | 2022-01-04 |
| By: | Richard Tuschman (rtuschman@gtemploymentlawyers.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAATQ_eTX8LOvsjBkMz8QXIuvVB7gEkMsLN |

## "Culbertson v. CCS Settlement Agreement (final)" History

Document created by Richard Tuschman (rtuschman@gtemploymentlawyers.com)
2022-01-04 - 9:25:18 PM GMT- IP address: 76.111.195.2

Document emailed to Wayne Culbertson (coachwayne55@gmail.com) for signature
2022-01-04 - 9:25:44 PM GMT

Email viewed by Wayne Culbertson (coachwayne55@gmail.com)
2022-01-05 - 4:08:45 AM GMT- IP address: 66.102.8.93

Document e-signed by Wayne Culbertson (coachwayne55@gmail.com)
Signature Date: 2022-01-05 - 4:09:44 AM GMT - Time Source: server- IP address: 73.138.151.31

Agreement completed.
2022-01-05 - 4:09:44 AM GMT

Adobe Sign